Filed 12/12/23  P. v. Phillips CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY PHILLIPS,<br><br>    Defendant and Appellant. | H050967<br>(Santa Clara County<br>Super. Ct. No. B2200750) |

Defendant Anthony Phillips appeals from a 19-year sentence imposed after he pleaded no contest to forcible rape and other offenses. Upon defendant's timely appeal, we appointed counsel to represent him in this court. Appellate counsel filed a brief stating the case and facts but raising no issues. We notified defendant of his right to submit written argument on his own behalf, and he has done so.

We include here a brief description of the facts and procedural history of the case as well as the conviction and punishment imposed. We have reviewed the entire record to determine if there are any arguable appellate issues (*People v. Wende* (1979) 25 Cal.3d 436, 440–441), and we will address each issue defendant has raised. (*People v. Kelly* (2006) 40 Cal.4th 106, 123–124.) Finding no arguable issue, we will affirm the judgment.

## I.    TRIAL COURT PROCEEDINGS

According to the probation report, in 2022 Jane Doe reported inappropriate conduct by defendant that occurred in 2008 or 2009 when Doe was 11 years old.

Defendant was Doe's sixth grade teacher. She went to his classroom after school one day to put something away. Defendant was sitting in an armchair. He asked her to come over to him and then pulled her onto his lap. He kissed her and stroked her hair. He felt her bare breasts under her shirt with his hands, and then lifted her shirt and put his mouth on her nipples. Defendant led Doe into a walk-in closet, where he digitally penetrated her vagina before penetrating her vagina with his penis. The incident lasted about 10 minutes.

Defendant was charged by amended complaint with aggravated sexual assault (rape) of a minor under 14 years old (Pen. Code, §§ 269, subd. (a)(1), 261, subd. (a)(2) or (a)(6), count 1); aggravated sexual assault (sexual penetration) of a minor under 14 years old (Pen. Code, §§ 269, subd. (a)(5), 289, subd. (a), count 2); committing a lewd or lascivious act on a minor under 14 years old (Pen. Code, § 288, subd. (a), count 3); forcible rape (Pen. Code, § 261, subd. (a)(2), count 4); forcible sexual penetration (Pen. Code, § 289, subd. (a)(1), count 5); and forcibly committing a lewd or lascivious act on a minor under 14 years old (Pen. Code, § 288, subd. (b)(1), count 6). As to counts 4 through 6, the complaint alleged defendant took advantage of a position of trust or confidence (Cal. Rules of Court, rule 4.421(a)(11)) and noted probation ineligibility (Pen. Code, § 1203.065, subd. (a)).

As part of a negotiated disposition, defendant pleaded no contest to counts 4 through 6 and admitted that he took advantage of a position of trust as to each of those counts. It was agreed defendant would receive a determinate 19-year prison sentence, and the remaining counts would be dismissed on the prosecution's motion.

The trial court sentenced defendant as agreed to 19 years in prison, consisting of the upper term of eight years for forcible rape (Pen. Code, §§ 261, subd. (a)(2), 264, subd. (a)), a consecutive eight-year upper term for forcible sexual penetration (Pen. Code, § 289, subd. (a)(1)), and a consecutive three-year lower term for forcibly committing a lewd or lascivious act on a minor under 14 years old (Pen. Code, former § 288,

2

subd. (b)(1); Stats. 2004, ch. 823, § 7).  The remaining counts were dismissed.  The court entered a general order of victim restitution and waived all other fines and fees.  Defendant received 376 days of presentence custody credit, based on 327 actual days and 49 days' conduct credit (Pen. Code, § 2933.1).

Defendant appealed and sought a certificate of probable cause on the ground that his appointed counsel did not investigate his claims of innocence.  The trial court denied the request for a certificate of probable cause.

Defendant filed argument on his own behalf in this court, stating that his appointed trial counsel did not adequately investigate the case, made derogatory comments to him in meetings, pressured him with comments from the prosecutor, and ignored defendant's desire to take the case to trial.  But defendant confirmed on the record when he changed his plea in January 2023 that no one had threatened him in order to force him to accept the plea agreement.  Defendant also confirmed on the record that he understood and voluntarily gave up various constitutional rights, including the right to remain silent and the right to a jury trial.  Defendant also contends his trial counsel "rejected [defendant's] request to take a polygraph" when defendant asked for one in March 2023.  We note that by the time of that purported request, defendant had already pleaded no contest to counts 4 through 6.

## II.    DISPOSITION

The judgment is affirmed.

_____
Grover, Acting P. J.

**WE CONCUR:**


_____
Lie, J.


_____
Bromberg, J.


**H050967**
*The People v. Phillips*